FILED by _LM_ D.C.

DEC 0 7 2018

STEVEN M LARIMORE
CLERK U S DIST CT
S. D. of FLA - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No. _18mj 3744-Simonton_

**UNITED STATES OF AMERICA**

**vs.**

**TEVIN D. LAING,**

    **Defendant.**
_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:    _____

JONATHAN R. OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0095693
11200 NW 20TH STREET
Miami, Florida 33172
TEL (305) 715-7649
jonathan.osborne@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 18 mj 3744- Simonton |
| Tevin D. Laing, | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 2, 2018_____ in the county of _Miami-Dade and Palm Beach_ in the

___Southern___ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Conspiracy to possess with intent to distribute a controlled substance |
| 18 U.S.C. § 924(c) | Use and carry of a firearm in relation to a drug-trafficking crime |
| 18 U.S.C. §§ 922(g)(1) and 2 | Possession of a firearm and ammunition by a convicted felon |

This criminal complaint is based on these facts:

Please see the attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph D. Lavelle, Special Agent - FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____12/07/2018_____

_____
*Judge's signature*

City and state: _____Miami, Florida_____

Hon. Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph D. Lavelle, being duly sworn, attest and affirm the following:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since January of 2010.  I am currently assigned to the Miami Division-Safe Streets Task Force and Violent Gang squad, where my duties include the investigation of a variety of federal offenses, including violations of the federal firearms and narcotics laws.  I am an investigative or law enforcement officer of the United States within the meaning of Title 21, United States Code, Section 879, as well as Title 18, United States Code, Section 2516(1)(e).  I have successfully completed New Agents Training at Quantico, Virginia, and I have received specific violent gangs and homicide related training.  Based on my training, experience, and participation in gang investigations, I am familiar with the methods of operation of gangs and drug traffickers.

2.      This Affidavit is submitted in support of a criminal complaint against defendant Tevin D. Laing (hereinafter, "LAING" or "the Defendant").  As explained in detail below, I respectfully submit that there is probable cause to believe that, on or about December 2, 2018, in Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the Defendant did: (1) conspire to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; (2) use or carry a firearm during and in relation to a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii); and (3) possess a firearm and ammunition as a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

3.      The information contained in this Affidavit is based on my personal knowledge as well as information relayed to me by other law enforcement officers involved in this investigation. The information set forth in this Affidavit is provided for the limited purpose of establishing probable cause for the arrest of LAING. As such, it does not include all of the information known to me about this investigation.

4.      On or about December 2, 2018, at approximately 6:13 p.m., law enforcement received emergency calls in reference to a victim (hereinafter, the "Victim") lying on the ground in an apartment complex parking lot, located at 3203 Mahogany Drive, in Boynton Beach, Florida. The callers indicated that the Victim was suffering from apparent gunshot wounds. He later died at Delray Medical hospital. Preliminary observation during the autopsy of the Victim showed that he suffered a gunshot wound that led to internal bleeding and loss of life.

5.      After the shooting, responding officers interviewed witnesses and determined that, after hearing gunshots, bystanders observed the Victim standing near the rear of a black Chevrolet Camaro, which fled the apartment complex as the Victim stumbled away and fell to the ground. Review of area traffic cameras revealed images of the Chevrolet Camaro fleeing the scene. Responding officers also recovered at least three (3) 9-millimeter cartridge casings, approximately seven (7) .40 caliber cartridge casings, and several bullet projectiles.[1]

6.      At that time, law enforcement reviewed the Victim's telephone call history in the hours leading up to the shooting and determined that the Victim was in communication with a cellular telephone registered to LAING. Further records analysis revealed that LAING is the registered owner of a black Chevrolet Camaro.

---

[1] 18 U.S.C. § 921(a)(17)(A) defines "ammunition" as "ammunition or cartridge cases, primers, bullets, or propellent power designed for use in any firearm."

7.     On or about December 3, 2018, law enforcement interviewed LAING regarding the shooting. After being advised of his *Miranda* rights, LAING admitted that he is a drug dealer and that he had an ongoing drug-trafficking relationship with the Victim in which LAING supplied the Victim with Percocet, a Schedule II controlled substance, for street-level distribution in south Florida. With respect to the December 2, 2018 incident, LAING admitted that he agreed to conduct a Percocet transaction with Subject 1, in Miami, Florida, which led to the shooting of the Victim.

8.     Specifically, LAING stated that he agreed to distribute approximately 100 Percocet pills to Subject 1, in Miami, with the understanding that the Victim would sell the pills on behalf of Subject 1. To that end, on or about December 2, 2018, LAING met Subject 1 at a residence, located at 1751 NW 50 Street, in Miami, Florida ("Subject 1's Residence"). LAING then provided Subject 1 with the Percocet pills, in exchange for $350. LAING and Subject 1 then traveled in LAING's Camaro to meet the Victim in Boynton Beach. According to LAING, upon arrival at the apartment complex, the Victim approached the passenger side of the vehicle and greeted Subject 1. The Victim then approached the driver side of the Camaro, where LAING opened his door, at which time Subject 1 and LAING began shooting at the Victim.

9.     According to LAING, Subject 1 fired at the Victim using a .40 caliber handgun; and LAING shot at the Victim using a black 9-millimeter handgun. As the Victim fell, LAING and Subject 1 fled the scene in the Camaro. After the shooting, LAING drove Subject 1 back to Miami and Subject 1 took the 9-millimeter handgun that LAING used to shoot at the Victim.

10.     Based on the investigation, law enforcement obtained a search warrant signed by a Circuit Court Judge of the Eleventh Judicial Circuit of Florida, authorizing the search of Subject 1's residence, which agents executed on or about December 6, 2018. Upon execution of the search warrant, officers detained Subject 1. The subsequent search of the residence revealed a loaded .40

caliber Walther PPX semi-automatic pistol, with a chambered round, concealed in a clothes hamper in the bedroom of Subject 1. This firearm was manufactured outside the State of Florida.

11.     Post-*Miranda*, Subject 1 stated to agents that the dispute with the Victim concerned a drug-trafficking debt owed to LAING. Subject 1 further admitted that he and LAING shot at the Victim, and stated that LAING shot first and then used Subject 1's firearm (the .40 caliber Walther PPX) to continue shooting the Victim after LAING's pistol jammed.

12.     Subsequent consensual review of text messages in LAING's cellular telephone revealed messages between November and December 2018, wherein LAING and the Victim arranged transactions and discussed quantities and prices for narcotics transactions. LAING and the Victim also discussed the potency of their drug product and its apparent effect on users.

13.     A criminal records check indicates that LAING has multiple prior felony convictions, including convictions for Burglary of a Dwelling (2014), Grand Theft (2014), and Marijuana Possession with Intent to Sell (2016 and 2017).[2] LAING has not had his right to possess a firearm or ammunition restored.

14.     Based on the above facts, I submit there is probable cause to believe that, on or about December 2, 2018, in Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, Defendant Tevin D. LAING did: (1) conspire to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; (2) use or carry a firearm during and in relation to a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii); and (3) possess a firearm and ammunition as a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

---

[2] Subject 1 is also a convicted felon, and has not had his right to possess a firearm restored.

4

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JOSEPH D. LAVELLE, SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before
me this 7th day of December, 2018.

HON. ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

5